UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

IMPERIUM INSURANCE COMPANY

    800 Gessner Suite 600
    Houston, Texas 77024

V.                                              CIVIL ACTION NO: 4:13cv-45 M

STAR MINE SERVICES, INC.,
LEE BOWLES, ANTHONY MARSH
and GMS MINE REPAIR AND
MAINTENANCE, INC.

### COMPLAINT FOR DECLARATORY RELIEF

Comes the Plaintiff, Imperium Insurance Company, by counsel, and submits the following as its Complaint for Declaratory Relief, pursuant to Federal Rule of Civil Procedure 57.

### PARTIES

1. Imperium Insurance Company (Imperium) is a citizen and resident of the State of Texas with its principle place of business and statutory office being 800 Gessner, Suite 600, Houston, TX 77024 and is an insurance company authorized to do business in the Commonwealth of Kentucky.

2. Defendant, Lee Bowles, (Bowles), is a citizen and resident of the Commonwealth of Kentucky and resides at 2459 Anton Road, Madisonville, Hopkins County, Kentucky.

3. Defendant, Anthony Marsh, (Marsh) is a citizen and resident of the Commonwealth of

        Kentucky and resides at 20 E. Old Providence Road, Sturgis, Union County, Kentucky.

4. Star Mine Services, Inc., (Star Mine) is a Kentucky Corporation with its principle place of business being listed as 2691 Country Club Drive, Madisonville, KY 42431 and its registered agent for service of process being Kenneth O. Taylor, St. Rt. 1100 Hwy. 175S, Graham, KY 42344.

5. GMS Mine Repair and Maintenance, Inc., is a foreign corporation, incorporated in the State of Maryland, with its principle place of business being 170 Leon White Road, Mt. Lake Park, MD 21550. GMS has no agent for service of process listed with the Kentucky Secretary of State's office but its agent for service of process on file with the State of Maryland is Ronald W. Petrella, 170 Leon White Road, Mt. Lake Park, MD 21550.

## VENUE AND JURISDICTION

6. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-5 above as if set forth verbatim herein.

7. This action is instituted pursuant to 28 U.S.C. §§2201-2202 and K.R.S. §418.040.

8. This Court has original jurisdiction over this declaratory action by virtue of 28 U.S.C. §1332, as complete diversity of citizenship exists between the Plaintiff and Defendants and the value of the object of this litigation exceeds the sum of $75,000.00 exclusive of interest and costs.

9. Venue of this action is properly founded in this District by virtue of 28 U.S.C. §1391.

## RELEVANT FACTS

10. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-9 above as if set forth verbatim herein.

11. GMS filed a Complaint in this United States District Court, Western District of Kentucky,

Owensboro Division, under case number 4-12-cv-045-M, GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., setting forth causes of action arising from the alleged misappropriation and improper use of confidential customer and business information by Bowles, Marsh and Star Mine.

12. That the Complaint, attached hereto as Exhibit 1, asserts the following causes of action against Bowles, Marsh and Star Mine.

    a. Court I: Breach of Fiduciary duty by Bowles and Marsh.

    b. Count II: Aiding and Abetting Breach of Fiduciary duty by Star Mine.

    c. Count III: Breach of Contract by Marsh for Violation of Covenant Against Competition.

    d. Count IV: Tortious Interference with GMS's Contractual Relationship with Marsh by Star Mine.

    e. Count V. Tortious Interference with GMS's Relationships with its customers, vendors and employees.

13. That the actions of Bowles, Marsh and Star Mine are alleged to be intentional, malicious and done with the intent to injure and /or oppress GMS. (GMS Complaint, paragraphs 79, 84, 96 and 105.

14. That GMS does not plead for a specific monetary damage amount but alleges that the damages exceed the sum of $75,000.00 exclusive of interest and costs. (GMS Complaint, paragraph 5).

15. Star Mine purchased a Commercial General Liability Insurance Policy issued by Imperium, attached hereto as Exhibits 2 and 3, being Policy Number IERD-01000142-00 with effective

dates of February 3, 2012 to February 3, 2013.

16. That the Commercial General Liability Policy issued by Imperium does not provide coverage for a defense, indemnity or any other coverage for Bowles, Marsh and/or Star Mine for the claims asserted against them in case number 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., pending in the United States District Court, Western District of Kentucky, Owensboro Division.

17. That the relevant insurance coverage in the Commercial General Liability Policy issued by Imperium relates to claims for:

   a. Coverage A: Bodily Injury and Property Damage Liability.

   b. Coverage B: Personal and Advertising injury.

   c. Coverage C: Medical payments.

18. That the claims alleged by GMS against Bowles, Marsh and Star Mine do not seek damages as a result of bodily injury and/or property damages, personal and advertising injury and/or medical payments and therefore, the claims of GMS are not covered under Imperium's Commercial General Liability Policy.

### COUNT I - DECLARATORY JUDGEMENT

19. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-18 above as if set forth verbatim herein.

20. The Commercial General Liability Policy specifically provides in pertinent part:

**SECTION I - COVERAGES**
**COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

   **1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    .......

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.**    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by an insured listed under Paragraph **1.** Of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

(Imperium Policy, Commercial General Liability Coverage Form, Section I, p. 1 of 16).

21.    Further, the Imperium Policy specifically excludes coverage for bodily injury and property damage as follows:

    **2.**    **Exclusions**

This insurance does not apply to:

**a.**     Expected or intended injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.**     Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**     That the insured would have in the absence of the contract or agreement; or

**(2)**     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage" provided:

**(a)**     Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)**     Such attorney fees and litigation expenses are for defense of that party against a civil or alterative dispute resolution proceeding in which damages to which this insurance applies are alleged.

........

**m**.     Damages to Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out

        of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

    ........

    **o.**    Personal And Advertising Injury

        "Bodily injury" arising out of "personal and advertising injury".

(Imperium Policy, Commercial General Liability Coverage Form, pp. 2-5 of 16).

22.    Under the Imperium Policy, "Bodily Injury", "Impaired Property", "Occurrence" and "Property Damage" are defined as follows:

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    .......

    **8.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

        **b.**    You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

    .......

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    .......

    **17.**    "Property Damage" means:

        **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

  For the purposes of this insurance, electronic data is not tangible property.

  As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(Imperium Policy, Section V - Definitions, pp. 12-15 of 16).

  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23. That the Complaint alleges tortious conduct on the part of Bowles, Marsh and Star Mine which occurred prior to the effective date of the Imperium policy's effective date of February 3, 2011 and which constituted a continuing pattern of conduct which is not covered by the Imperium Policy.

24. GMS has alleged damages due to the misappropriation and use of confidential customer lists and business information by Bowles, Marsh and Star Mine as well damages due to intentional interference with customer, employee and vendor relationships.

25. That any and all such damages are not deemed to result from "bodily injury" or "property damage" resulting from an "occurrence" as same are defined by the Imperium Policy and/or would be excluded from coverage even assuming the damages being claimed were a type which fell within the terms of the policy.

26. As Bowles, Marsh and Star Mine are not provided coverage under the relevant provisions of the Imperium policy relating to Coverage A: Bodily Injury and Property Damage

Liability, Plaintiff seeks a declaratory judgment holding that the Plaintiff is not obligated or required to indemnify and defend Bowles, Marsh and Star Mine under the Imperium Policy against the claims made by GMS in case number 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., and pending in United States District Court, Western District of Kentucky, Owensboro Division or any claims arising from the subject matter of such action.

## COUNT II - DECLARATORY JUDGMENT

27. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-26 above as if set forth verbatim herein.

28. The Imperium Policy specifically provides as follows:

    COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

    1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

29. Excluded from Coverage B Personal and Advertising Injury Liability are the following:

    **a.  Knowing Violation of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the action would violate the rights of another and would inflict "personal and advertising injury."

    .......

    **c.  Material Published Prior to Policy Period**

        "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

       .......

    **e.**    **Contractual Liability**

        "Personal and advertising injury" for which the insured has assumed liability in a contract or agreement. This exclusion does not apply to liability for damages that the insured would have in the absence of the contract or agreement.

       .......

    **f.**    **Breach of Contract**

        "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

       .......

    **I.**    **Infringement of Copyright, Patent, Trademark or Trade Secret**

        "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement".

       .......

    **l.**    **Unauthorized Use Of Another's Name Or Product**

        "Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

(Imperium Policy, Section I, Coverage B, Exclusions, pp. 6-7 of 16).

30.    Under the Imperium Policy "advertisement" and "Personal and advertising injury" are defined as follows:

    **1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose

       of attracting customers or supporters. For the purposes of this definition:

       a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

       b.    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supported is considered an advertisement.

.......

**14.**    "Personal and advertising injury" means injury, including one or more of the following offenses:

       a.    False arrest, detention or imprisonment;

       b.    Malicious prosecution;

       c.    Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

       d    Oral or written publication in any manner, of material that slanders or libels a person or organization or disparages a person's or organizations's good, products or services;

       e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

       f    The use of another's advertising idea in your "advertisement"; or

       g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

(Imperium Policy, Section V - Definitions, pp. 12, 14 of 16).

31.    As alleged in the Complaint, the alleged breach of fiduciary duty, breach of contract and tortious interference with contracts and business relationships, do not fall within Coverage B for Personal and Advertising injury as set forth in the Imperium Policy.

32.    As Bowles, Marsh and Star Mine are not provided coverage under the relevant provisions

of the Imperium Policy relating to Coverage B Personal and Advertising Injury, Plaintiff seeks a declaratory judgment holding that the Plaintiff is not obligated or required to indemnify and defend Bowles, Marsh and Star Mine under the Imperium Policy against the claims made by GMS in case number 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., and pending in United States District Court, Western District of Kentucky, Owensboro Division or any claims arising from the subject matter of such action.

## COUNT III - DECLARATORY JUDGMENT

33. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-32 above as if set forth verbatim herein.

34. The Imperium Policy provides coverage for the payment of certain medical expenses as set forth in Coverage C Medical Payments.

35. That such coverage is limited to "medical expense as described below for 'bodily injury' caused by an accident" and incorporates the exclusions applicable to Coverage A.

36. That no claims for bodily injury due to any accident have been asserted by GMS against Bowles, Marsh or Star Mine.

37. As Bowles, Marsh and Star Mine are not provided coverage under the relevant provisions of the Imperium Policy relating to Coverage C Medical Payments, Plaintiff seeks a declaratory judgment holding that the Plaintiff is not obligated or required to indemnify and defend Bowles, Marsh and Star Mine under the Imperium Policy against the claims made by GMS in case number 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., and pending in United States

District Court, Western District of Kentucky, Owensboro Division or any claims arising from the subject matter of such action.

## COUNT IV - DECLARATORY JUDGMENT

38. Imperium realleges and incorporates by reference all allegations contained in paragraphs 1-37 above as if set forth verbatim herein.

39. As alleged in its Complaint, GMS seeks damages as a result of actions of Bowles, Marsh and Star Mine that occurred prior to any employment with Star Mine and prior to the effective date, February 3, 2012 of the Imperium Policy.

40. That under the Imperium Policy, an employee qualifies as an insured, "but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

41. That the employment of Bowles and Marsh with Star Mining is alleged to have begun on or about February 6, 2012.

42. That the effective date of the Imperium Policy is February 3, 2012

43. That based upon the foregoing, Plaintiff seeks a declaratory judgment holding that Plaintiff is not obligated or required to indemnify and defend Bowles, Marsh and Star Mining under the Imperium Policy for claims and damages which occurred prior to the employment of Bowles and Marsh by Star Mining and prior to the effective date of the Imperium Policy and which have been asserted by GMS in case number 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., and pending in United States District Court, Western District of Kentucky, Owensboro Division or any claims arising from the subject matter of such action.

**WHEREFORE**, Plaintiff, Imperium Insurance Company, prays that this Court enter a judgment in its favor finding that:

1. Imperium has no duty to defend or indemnify Lee Bowles, Anthony Marsh and Star Mine Services, Inc., in connection with the claims asserted against them in civil action 4-12-cv-045-M, styled GMS Mine Repair and Maintenance, Inc., v. Lee Bowles, Anthony Marsh and Star Mine Services, Inc., pending in United States District Court, Western District of Kentucky, Owensboro Division or any claims arising from the subject matter of such action.

2. For its costs and attorneys' fees; and

3. Any and all other legal and equitable relief that this Court finds just and appropriate.

Respectfully submitted,

Boehl, Stopher & Graves, LLP
444 West Second Street
Lexington, KY 40507
(859) 252-6721
(859) 253-1445

*JAMES B. COOPER*
JAMES B. COOPER
BRADLEY E. MOORE
M. JAKE BLISS
Attorneys for Plaintiff,
Imperium Insurance Company